# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CHRISTOPHER BOFFOLI, an individual, | Case No. 14-1466 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| IMGUR, INC., a Delaware corporation, and DOES 1-5, | **DEMAND FOR JURY TRIAL** |
| Defendants | |

CHRISTOPHER BOFFOLI, ("Boffoli" or "Plaintiff") hereby alleges for his complaint against IMGUR, INC. ("Imgur") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.  NATURE OF THE CASE

1. This is a claim for copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code.

## II.  JURISDICTION AND VENUE

2. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Imgur because it conducts

substantial business in the State of Washington.

4. Venue is appropriate under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### III.   PARTIES

5. Plaintiff is an individual and resident of the Western District of Washington.

6. Imgur is a Delaware corporation with its principal place of business in San Francisco, California.

7. Plaintiff does not know the true names of defendants named in this complaint as Does 1 through 5 and therefore sues those defendants by such fictitious names. Plaintiff will amend the complaint to include the true names of the Doe Defendants and allege facts supporting their liability when Plaintiff learns them through discovery. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the acts and omissions that give rise to Plaintiff's injuries, and that the Doe Defendants proximately caused Plaintiff's injuries.

### IV.   FACTS

**A.   Boffoli created copyrightable photographs and registered them with the U.S. Copyright Office.**

8. Boffoli is a fine art, editorial and commercial photographer who created "Big Appetites", a series of photographs featuring tiny figures photographed against real food backdrops. Big Appetites has been published in more than 100 countries around the world, with coverage in publications such as the New York Times, Washington Post, NPR, and CBS This Morning, among many others. Fine art photographs from the collection can be found in galleries and private collections in the US, Canada, Europe and Asia. Boffoli is frequently hired by magazines for editorial commissions and by large brands for commercial work based on the Big Appetites series. Boffoli's images are also licensed for publication for books, magazines, websites and greeting cards.

9. Boffoli's business is based on licensing and selling photographs he creates. Big Appetites photographs are currently available for purchase at fine art galleries, and can also be purchased over the Internet, including through Boffoli's website. Boffoli has licensed use of Big Appetites photographs to greeting card companies, calendars, and others.

10. Boffoli registered each photograph in the Big Appetites series with the U.S. Copyright Office and has Copyright Registration Nos. VAu001106484 (June 13, 2011) and VAu001148370 (August 3, 2013).

**B.  Imgur's customer posts photographs from Big Appetites without license or permission from Boffoli on webpages housed on Imgur's servers.**

11. Imgur provides services to at least one Doe Defendant and allows that Doe Defendant to upload website content on Imgur's server, including content that infringes on Boffoli's copyright (the "Infringing Content"). The Infringing Content is hosted on Imgur's server at: <http://imgur.com> (the "Infringing Website").

12. The Infringing Content hosted by Imgur contains at least 73 photographs from Big Appetites without license or permission from Boffoli. A copy of the infringing content is provided as Exhibit A.

**C.  Imgur failed to prevent the Infringing Content from being accessible over the Internet despite notice from Boffoli.**

13. On information and belief, Imgur can remove the Infringing Content hosted on Imgur's server. Imgur can also disable the Doe Defendant's ability to post content to the Internet.

14. At the time Boffoli discovered the Infringing Content, Imgur's registration with the United States Copyright Office for receipt of Digital Millennium Copyright Act ("DMCA") identified "dmca-agent@Imgur.com" as the email address of its designated agent.

15. On February 21, 2014, Boffoli sent a notice to Imgur's abuse@imgur.com email address notifying Imgur of the Infringing Content. Imgur responded by email that it

received Boffoli's notice. Imgur stated: "The images have been marked for removal and will be deleted from all of our servers within 24 hours." Boffoli's notice and subsequent correspondence with Imgur are attached as Exhibit B.

16. As late as September 2014—more than 200 days after receiving Boffoli's notice—Imgur had not removed or disabled access to the Infringing Content. (*See* Exhibit A.)

17. To date, the Infringing Content is still accessible on Imgur's servers.

18. Boffoli never authorized his work to be posted on the Infringing Website.

## V. CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT

19. Boffoli hereby incorporates Paragraphs 1-18 by reference.

20. Boffoli is, and at all relevant times has been, the owner of the copyright in the photographs in the Big Appetites series.

21. Each photograph in Big Appetites is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

22. Boffoli has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

23. Boffoli registered the copyright in each photograph in Big Appetites with the United States Copyright Office.

24. Boffoli has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the photographs in Big Appetites, (2) prepare derivative works based on Big Appetites, (3) distribute copies of Big Appetites, and (4) display Big Appetites publicly.

25. Without the permission or consent of Boffoli, photographs from Big Appetites were reproduced, derivative works were made from, copies were distributed of, and the photographs were displayed on the Infringing Website, which is hosted on Imgur's servers.

26. Boffoli's exclusive rights in the photographs in Big Appetites were violated.

27. Imgur induced, caused, or materially contributed to publication of the

1 Infringing Content.

2     28. Imgur had actual knowledge of the Infringing Content. Boffoli provided notice to Imgur in compliance with the DMCA, and Imgur failed to expeditiously disable access to or remove the Infringing Website.

    29. Imgur acted willfully.

    30. Alternatively, Imgur directly infringed Boffoli's copyrights by continuing to allow public access to the Infringing Content on Imgur's servers.

## VI.   RELIEF REQUESTED

WHEREFORE, Boffoli asks this Court to enter judgment against Imgur and Imgur's subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

    1. Temporary and permanent injunctions preventing and restraining infringement of Big Appetites by Imgur under 17 U.S.C. § 502;

    2. An order requiring the destruction of all copies made by or under the control of Imgur of the photographs in Big Appetites and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

    3. An award of the actual damages suffered by Boffoli as the result of Imgur's infringement plus the profits of Imgur attributable to the infringement under 17 U.S.C. § 504(b);

    4. Alternatively, if Boffoli so elects, an award of statutory damages for each infringement of Big Appetites under 17 U.S.C. § 504;

    5. A judgment that Imgur's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

    6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

    7. For such other and further relief as may be just and proper under the circumstances.

Dated September 24, 2014.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *[signature]*

Keith Scully, WSBA No. 28677

Attorneys for Plaintiff

CHRISTOPHER BOFFOLI

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Christopher Boffoli demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated September 24, 2014

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *[signature]*

Keith Scully, WSBA No. 28677

Attorneys for Plaintiff

CHRISTOPHER BOFFOLI